IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV237

| | |
|---|---|
| ROBERT LLOYD and MINIRE LLOYD, )<br>)<br>Plaintiffs, )<br>)<br>Vs. )<br>)<br>WAFFLE HOUSE, INC., )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' motion for reconsideration of the Clerk's taxation of costs.

The Defendant, prevailing party in this case, filed a bill of costs with the Clerk of Court on February 18, 2005, detailing costs in the amount of $5,858.52. The Plaintiffs did not file any objections to the bill of costs; the Clerk taxed costs on March 10, 2005, for the entire amount requested. Following the filing of the Clerk's taxation, the Plaintiffs filed a notice of appeal of the costs awarded on March 15, 2005, and then a motion for the reconsideration of costs on March 17, 2005.

Local Rule 54.1(B) of the Local Rules of this Court states:

(1)   If an adverse party objects to the bill of costs or any item claimed by a prevailing party, that party *must* state its objection in a motion for disallowance with a supporting brief within ten (10) days after the filing of the bill of costs. . . . Unless a hearing is ordered by the clerk, a ruling will be made by the Clerk on the record.

>    (2)    A party may request review of the Clerk's ruling by a filing a motion within five (5) days after the action of the Clerk. The court's review of the Clerk's action will be made on the existing record unless otherwise ordered.

**Local Rule 54.1(B) (emphasis added).** The Court interprets this rule as requiring a party who objects generally to the bill of costs or specifically to any item contained therein, to first make such an objection before the Clerk before it may be presented to the Court for review. A failure to make such a timely objection would, therefore, operate to waive the objection. In the case at bar, the Plaintiffs failed to timely file any objections to the bill of costs submitted by the Defendant before such costs were taxed by the Clerk. Therefore, the Plaintiffs' objections are deemed to have been waived.

Regardless, the Court has reviewed the Plaintiffs' arguments objecting to their liability for costs, and finds that pursuant to the general rule, the award of costs to the prevailing party in this case appropriate. ***See, Virginia Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) ("[T]here is a presumption in favor of an award of costs, and costs may be refused under this rule only if the district court 'justif[ies] its decision by articulating some good reason for doing so.'" (quotations omitted)); Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920; *Teague v. Bakker*, 35 F.3d 978, 996-97 (4th Cir. 1994).** The Court determines that the Plaintiffs' inability to pay in comparison to the financial well-being of the Defendant, the fact that Plaintiffs pursued their case in good faith, or the alleged misconduct of the Defendant, fails to provide a "good reason" or compels the Court to depart from the general rule.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for reconsideration of the Clerk's award of costs is **DENIED**, and the Clerk's taxation of costs in the amount of $5,858.52 is hereby **AFFIRMED.**

**Signed: June 24, 2005**

Lacy H. Thornburg
United States District Judge